# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0852V

|  |  |
|---|---|
| HEIDEMARIE JOHNSTON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 19, 2025 |

*Elizabeth Martin Muldowney*, Sands Anderson PC, Richmond, VA, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON DAMAGES[1]

On August 3, 2022, Heidemarie Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine that was administered to her on September 22, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 25, 2023, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for GBS corresponding to a listing on the Vaccine Injury Table, 42 C.F.R. §§ 100.3(a)(XIV)(D), (c)(15)).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 16, 2025, Respondent filed the attached proffer. I find the proffer reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

**Pursuant to the terms stated in the attached proffer, I award the following:**

A. **A lump sum payment of $376,475.10,** representing compensation for life care expenses expected to be incurred during the first year after judgment ($102,451.28), pain and suffering ($250,000.00), and past unreimbursable expenses $24,023.82), **in the form of an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

B. **An amount sufficient to purchase an annuity contract described in the Proffer at Section II.B.**

Proffer at 3 – 5. These amounts represent compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                                                                **s/Brian H. Corcoran**
                                                                                                 Brian H. Corcoran
                                                                                                 Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HEIDEMARIE JOHNSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 22-852V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 3, 2022, Heidemarie Johnston ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered Guillain-Barré Syndrome ("GBS") resulting from an influenza ("flu") vaccination she received on September 22, 2019. Petition at 1 (ECF No. 1). On April 24, 2023, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner's claim meets the Table criteria for GBS, which afford a petitioner a presumption of causation if the onset of GBS occurs within three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause. Respondent's Report (ECF No. 31). Accordingly, on April 25, 2023, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation for GBS following the flu vaccine she received on September 22, 2019. ECF No. 32.

I.    **Items of Compensation**

    A.    Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNS, CLCP, and petitioner engaged Kay Hairston, RN, BSN, CCM, CNCLP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in respondent's life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Heidemarie Johnston, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in respondent's life care plan and illustrated by the chart attached at Tab A.[1] Petitioner agrees.

    B.    Pain and Suffering

Respondent proffers that petitioner should be awarded $250,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    C.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $24,023.82. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

2

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $376,475.10, representing compensation for life care expenses expected to be incurred during the first year after judgment ($102,451.28), pain and suffering ($250,000.00), and past unreimbursable expenses ($24,023.82), in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Heidemarie Johnston.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Heidemarie Johnston, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

---

a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

4

  2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Heidemarie Johnston, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Heidemarie Johnston's death.

  3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.** **Summary of Recommended Payments Following Judgment**

  A. Lump Sum paid to petitioner, Heidemarie Johnston: **$376,475.10**

  B. An amount sufficient to purchase the annuity contract described above in section II.B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

s/*Camille M. Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4098
Email: camille.m.collett@usdoj.gov

Dated: May 16, 2025

Appendix A:  Items of Compensation for Heidemarie Johnston     Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2025 | Compensation Years 2-5<br>2026-2029 | Compensation Years 6-Life<br>2030-Life |
|---|---|---|---|---|---|---|
| BCBS Deductible | 5% | * | | | | |
| BCBS Prescription Medication Cap | 5% | | M | 2,000.00 | 2,000.00 | 2,000.00 |
| Primary Care | 5% | * | | | | |
| Mileage: Primary Care Physician | 4% | | | 21.56 | 21.56 | |
| Neurology | 5% | * | | | | |
| Mileage: Neurology | 4% | | | | | |
| Pulmonology | 5% | * | | | | |
| Mileage: Pulmonology | 4% | | | 43.12 | 43.12 | 43.12 |
| Cardiology | 5% | * | | | | |
| Mileage: Cardiology | 4% | | | 64.68 | 64.68 | 64.68 |
| Atrial Fibrillation Specialist | 5% | * | | | | |
| Mileage: Atrial Fibrillation Specialist | 4% | | | 21.00 | 21.00 | 21.00 |
| Echo-cardiology | 5% | * | | | | |
| Mileage: Echo-cardiology | 4% | | | | | |
| Pulmonary Function Studies | 5% | * | | | | |
| Mileage: Pulmonary Function Studies | 4% | | | | | |
| Chest X-rays | 5% | * | | | | |
| Mileage: Chest X-rays | 4% | | | 7.28 | 7.28 | 7.28 |
| Computed Tomography Scan | 5% | * | | | | |
| Mileage: Computed Tomography Scan | 4% | | | 7.28 | | |
| Podiatry | 4% | * | | | | |
| Mileage: Podiatry | 4% | | | 12.32 | 12.32 | 12.32 |
| Counseling | 4% | * | | | | |
| Mileage: Behavioral Health Evaluation and Counseling | 4% | | | | | |
| Care Management | 4% | | | 1,740.00 | 1,740.00 | 1,740.00 |
| Gabapentin | 5% | * | | | | |
| Ditiazem | 5% | * | | | | |
| Eliquis | 5% | * | | | | |
| Nebulizer | 5% | * | | 18.82 | 9.41 | 9.41 |
| Reusable Incontinence Panty | 4% | | | 367.92 | 367.92 | 367.92 |
| Cane | 4% | | | 5.79 | 5.79 | 5.79 |
| Walker | 4% | | | 17.35 | 17.35 | 17.35 |
| Manual Wheelchair | 4% | | | 235.00 | 47.00 | 47.00 |
| Perching Stool | 4% | | | 401.41 | | |
| Shower Transfer Bench | 4% | | | 31.97 | 31.97 | 31.97 |
| Elevated Toilet | 4% | | | 59.95 | 11.99 | 11.99 |
| Recliner Chair | 4% | | | 720.00 | | |
| Adjustable Bed | 4% | * | | 1,186.68 | | |
| Power Scooter | 4% | * | | 697.03 | 69.70 | 69.70 |
| Scooter Batteries | 4% | * | | 53.24 | 53.24 | 53.24 |
| Scooter Car Carrier | 4% | | | 1,887.00 | | |
| Physical Therapy Evaluation | 4% | * | | | | |

Appendix A: Items of Compensation for Heidemarie Johnston                    Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2025 | Compensation Years 2-5 2026-2029 | Compensation Years 6-Life 2030-Life |
|---|---|---|---|---|---|---|
| Mileage: Physical Therapy Evaluation | 4% |   |   | 8.82 | 8.82 | 8.82 |
| Occupational Evaluation | 4% | * |   |   |   |   |
| Mileage: Occupational Evaluation | 4% |   |   | 8.82 | 8.82 | 8.82 |
| Physical Therapy | 4% | * |   |   |   |   |
| Mileage: Physical Therapy | 4% |   |   | 52.92 | 52.92 | 52.92 |
| Occupational Therapy | 4% | * |   |   |   |   |
| Mileage: Occupational Therapy | 4% |   |   | 52.92 | 52.92 | 52.92 |
| Pulmonary Rehabilitation | 4% | * |   |   |   |   |
| Personal Care Attendant | 4% |   | M | 87,600.00 | 87,600.00 | 87,600.00 |
| Home Delivery Service | 4% |   |   | 155.40 | 155.40 | 155.40 |
| Personal Emergency Response System | 4% |   |   | 1,073.00 | 828.00 | 828.00 |
| Home Organizer | 4% |   |   | 400.00 |   |   |
| Stair Lift | 4% |   |   | 3,500.00 |   |   |
| Pain and Suffering |   |   |   | 250,000.00 |   |   |
| Past Unreimbursable Expenses |   |   |   | 24,023.82 |   |   |
| Annual Totals |   |   |   | 376,475.10 | 93,231.21 | 93,209.65 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($102,451.28), pain and suffering ($250,000.00), and past unreimbursable expenses ($24,023.82): $376,475.10.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.